UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20057-ALTMAN

UNITED STATES OF AMERICA

vs.

MARY WICKERSHAM,
  a/k/a "Mary Sullivan,"
  a/k/a "Mary Harvey,"

  Defendant.
_____/

## FACTUAL PROFFER

The United States of America and Mary Wickersham (the "Defendant") agree that, were this case to proceed to trial, the United States would prove beyond a reasonable doubt the following facts, among others, which occurred in the Southern District of Florida:

Since 2002, the Defendant served as the Executive Director of Miss Florida Scholarship Program Inc. (the "Miss Florida Scholarship Program"). The Miss Florida Scholarship Program is a scholarship program offering educational and financial assistance opportunities for young women who enter into various events hosted by the Miss Florida Scholarship Program. As its Executive Director, the Defendant had direct access to the Miss Florida Scholarship Program's sponsorships and donations information, including the direct receipt of donation checks from sponsors and donors, which she was instructed to deposit into the program's bank accounts.

In or around December 2011, the Defendant formed a separate Florida corporation named "Miss Florida LLC." Miss Florida LLC was not affiliated with the Miss Florida Scholarship Program and the entity was formed without the knowledge or authorization of the Miss Florida Scholarship Program's Board of Directors.

On or about December 22, 2011, the Defendant used the Miss Florida LLC entity to open a Bank of America checking account for Miss Florida LLC, also without the knowledge or authorization of the Miss Florida Scholarship Program's Board of Directors.

The Defendant then used her position as Executive Director to solicit donations and contributions from the program's recurring business sponsors and donors, all while representing that those monies would be used to fund scholarships and events hosted or promoted by the Miss Florida Scholarship Program and its partners. Among these partnerships was an official relationship with the Children's Miracle Network, whereby rather than requesting entry fees from program contestants, the Miss Florida Scholarship Program asked the contestants to make contributions to the Children's Miracle Network in order to participate in the program's competitions.

However, from in or around 2011 through in or around 2018, the Defendant misappropriated checks and money orders that were issued to the Scholarship Program and its partners—including the Children's Miracle Network—and instead fraudulently deposited them into the Miss Florida LLC bank account that she controlled at Bank of America, including for her own use and benefit. In addition, the Defendant altered four of the checks and money orders that were made payable to the Children's Miracle Network, writing "Miss Florida Pageant" by hand on the payee line of those checks or money orders, when those funds were in fact solely intended for the Children's Miracle Network in connection with the partnered events. Those checks and money orders were then deposited into the Miss Florida LLC account controlled and used by the Defendant.

For example, on or about July 28, 2017, the Defendant altered a check (dated June 16, 2017) made out to the Children's Miracle Network (ending in 5673) in the approximate amount of

2

$420, by adding the words "Miss Florida Pageant" in handwriting, which she then deposited into the Miss Florida LLC checking account, causing an interstate wire transmission from inside the State of Florida to outside the State of Florida. The funds were ultimately deposited in the Defendant's bank account located in Miami-Dade County. By doing so, the Defendant represented to Bank of America that she was authorized to deposit that check, into her Miss Florida LLC account, when in fact neither representation was true. The Defendant did not use all of the money deposited into that account that was earmarked for the Scholarship Program and its partners for the intended purposes instead using used some of it to pay for personal expenses.

The parties agree that these facts, which do not include all facts known to the government and the Defendant, are sufficient to prove that the Defendant committed the crime of Wire Fraud, in violation of Title 18, United States Code, Section 1343.

**JUAN ANTONIO GONZALEZ**
**UNITED STATES ATTORNEY**

Date: 11/29/2022      By: _____
                      EDUARDO GARDEA, JR.
                      ASSISTANT UNITED STATES ATTORNEY

Date: 11/29/2022      By: _____
                      ABBIE D. WAXMAN
                      ASSISTANT UNITED STATES ATTORNEY

Date: 11/29/22        By: _____
                      GERALD E. GREENBERG, ESQ.
                      ATTORNEY FOR THE DEFENDANT

Date: 11/29/22        By: _____
                      MARY WICKERSHAM
                      DEFENDANT

3